**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

TERESA ELAINE ADDISON,

        Plaintiff,

v.                              CIVIL ACTION NO.  5:10-cv-00228

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This is an action seeking review of the final decision of the Commissioner of Social Security ("Defendant") denying Plaintiff's application for Disability Insurance Benefits, under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. By Standing Order entered on March 5, 2010 [Docket 4], this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings of fact and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  Before the Court are both parties' motions for judgment on the pleadings [Docket 10, 11].

On March 1, 2011, Magistrate Judge VanDervort submitted proposed findings and recommended that the Court (1) deny Plaintiff's motion for judgment on the pleadings, (2) grant Defendant's motion for judgment on the pleadings, (3) affirm the final decision of the Commissioner, and (4) dismiss this matter from the Court's docket.  (Proposed Findings and

Recommendation ("PF & R") [Docket 13] at 23-24.) Plaintiff filed objections [Docket 17] on March 21, 2011, and Defendant responded [Docket 18] on March 24, 2011.

I.

The Federal Magistrates Act requires the district court to make a de novo review upon the record of any portion of the proposed findings and recommendations to which written objections have been made. 28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(b). Conversely, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983) (holding that district courts may adopt proposed findings and recommendations without explanation in the absence of objections). A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district court's authority to choose among these options is independent of the statutory duty to afford review to those portions to which objections are addressed. *See Camby*, 718 F.2d at 199-200 ("If no objections were made, for example, it could hardly be argued that the judge must accept the [magistrate judge's] report if it contained an error of law apparent on its face."). As such, it is wholly within the district court's discretion to accept, reject, or modify a magistrate judge's proposal irrespective of any objections by the parties. *See United States v. Raddatz,* 447 U.S. 667, 676, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Coinciding with district courts' discretion under the Federal Magistrates Act is the responsibility to ensure the just disposition of matters referred to magistrate judges. *See Mathews*

*v. Weber*, 423 U.S. 261, 271, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976); *see also Raddatz*, 447 U.S. at 683.

II.

The PF&R contains an adequate description of the facts and procedural history of this case. Plaintiff's objections are based on a note written by her orthopedist, Dr. Morgan, after an appointment on November 3, 2006, stating that she did not have his permission to return to work and that she "[c]annot stand, sit or walk very long" due to moderate to severe hip pain. (R. 327.) This appears to be the only evidence in the record that supports a significant limitation on sitting. Plaintiff asserts that medical evidence supports Dr. Morgan's opinion, including a 2006 MRI that shows "small to medium-sized right hip effusion and abnormal signal in the superior portion of the acetabulum." (Objs. 3.) However, Plaintiff cites no other medical experts' evaluations in the record that interpret the MRI results to support a significant limitation on sitting or sedentary activity.

It is a stretch to consider Dr. Morgan's statement as medical evidence in that it is a pre-printed work excuse with the limitations hand-written in, as opposed to treatment notes or an official evaluation. However, to the extent that it is considered medical evidence of Plaintiff's inability to sit, it is the only direct evidence of this limitation that she points to in the one hundred (100) pages of medical records before the Court. Because she relies on Dr. Morgan's statement to support her claim that she is unable to perform a full range of sedentary work and because the rest of the evidence in the record, as set forth more fully in the ALJ's opinion and the PF&R, does not indicate

a significant limitation on sitting, Plaintiff's objections are overruled.[1] The Court finds that there is substantial evidence to support the Commissioner's denial of Plaintiff's application for Disability Insurance Benefits.

Accordingly, the Court **ORDERS** that the magistrate judge's Proposed Findings and Recommendation [Docket 13] be **ADOPTED**, that Defendant's Motion for Judgment on the Pleadings [Docket 11] be **GRANTED**, that Plaintiff's Motion for Judgment on the Pleadings [Docket 10] be **DENIED**, that the final decision of the Commissioner be **AFFIRMED** and that this matter be **DISMISSED** from the Court's Docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 30, 2011

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[1] Plaintiff relies on *Hammond v. Heckler*, 765 F.2d 424 (4th Cir. 1985) for her contention that the ALJ erred in using the Medical-Vocational Guidelines to determine that she was not disabled because she could perform a full range of unskilled sedentary work. In *Hammond*, our Court of Appeals found that it was inappropriate to rely on the information in those guidelines without accounting for nonexertional limitations. *Id.* at 426. Here, the ALJ considered the evidence of Plaintiff's nonexertional limitations and found that her subjective complaints of nonexertional pain are not supported by the evidence nor are they consistent with her daily activities. Because the ALJ referred specifically to the evidence in the record supporting his decision regarding her functional capacity, the Court finds that his reliance on the Medical-Vocational Guidelines supporting his finding of "not disabled" is not in error.